IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CECIL MATHEWS,

    Petitioner,

vs.                                                                               Case No.: 4:12cv237-WS/CAS

MICHAEL CREWS,[1]
FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITON AS MOOT

On May 6, 2012, Petitioner Cecil Mathews, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges Disciplinary Report #102-102427, imposed by the Florida Department of Corrections (FDOC), on August 26, 2010. *Id.*; Doc. 9. On September 17, 2012, Respondent filed a response, with exhibits, requesting the Court to dismiss the petition as moot. Doc. 9. On December 6, 2012, Petitioner filed a reply. Doc. 10.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is

---

[1] When Petitioner filed the § 2254 petition, he named Kenneth Tucker as the Respondent. Because Michael Crews is now the Secretary of the Department of Corrections, the Clerk of Court shall substitute him as the Respondent, pursuant to Federal Rule of Civil Procedure 25(d).

moot and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural History**

The relevant aspects of the procedural background of this case are established by the state court records. *See* Doc. 9.[2] On August 19, 2010, Petitioner was issued a Disciplinary Report by the FDOC and charged with lying to a staff member or others in their official capacity, or falsifying records. Ex. A at 1. On August 20, 2010, an investigation was launched. *Id*. at 3. During the investigation, Petitioner was given a chance to offer his statement about what happened and he provided such a statement. *Id*. at 4. Petitioner was given a chance to name witnesses but declined to do so. *Id*. at 5. On August 26, 2010, a disciplinary hearing was held and Petitioner was found guilty. *Id*. at 2. Petitioner was sentenced to sixty days of disciplinary confinement with no loss of gain time. *Id*.

On September 3, 2010, Petitioner appealed the decision to the Warden alleging that there was a "misunderstanding." *Id*. at 11. On September 7, 2010, Petitioner filed an amendment to his appeal. *Id*. at 14. On September 23, 2010, the Warden denied the appeal, making the finding that there was "no misunderstanding or communication error." *Id*. at 13.

From September 14, 2010, until October 5, 2010, Petitioner filed four more grievances with the Warden. *Id*. at 16-23. The four petitions were denied for not

---

[2] Hereinafter, all citations to the state court record refer to the exhibits submitted with Respondent's response (Doc. 9).

Case No. 4:12cv237-WS/CAS

presenting sufficient evidence, not presenting any new facts, or because the fifteen-day window to file an appeal had expired. *Id*.

On December 7, 2010, Petitioner filed a Petition for Writ of Mandamus in Leon County, Circuit Court. Doc. 9 Ex. B. On May 16, 2011, the Court rendered an Order denying mandamus relief, stating that "even assuming arguendo that Petitioner is correct in his [Due Process] allegations, he is still not entitled to relief." *Id*. at 5. The court noted that "[a]s a result of the disciplinary team's finding, Petitioner was placed in disciplinary confinement for 60 days; however, no gain time was revoked." *Id* at 1. Petitioner appealed to the First District Court of Appeal (DCA). Ex. C. The appeal was denied "on the merits." *Id*. Thereafter, Petitioner filed this § 2254 petition.

## Analysis

In this case, Respondent asserts the § 2254 petition should be dismissed because, as a result of the challenged disciplinary proceeding, Petitioner received only a 60-day period of disciplinary confinement, which Petitioner acknowledged he had completed by the time he filed this habeas action. Doc. 9 at 4; *see* Doc. 10 at 1 ("this should have been obvious"). No gain time was forfeited. *Id*. at 2-4.

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. <u>Bailey v. Southerland</u>, 821 F. 2d 277, 278 (5th Cir. 1987). Under <u>Medberry v. Crosby</u>, 351 F. 3d 1049 (11th Cir. 2003), a petition challenging a disciplinary proceeding is moot if the disciplinary proceeding will not affect the length of confinement and the prisoner has already completed the imposed term of administrative segregation:

> Under our precedent, "it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas

Case No. 4:12cv237-WS/CAS

 corpus" because "[s]uch release falls into the category of 'fact or duration of ... physical imprisonment' delineated in Preiser v. Rodriguez." Krist v. Ricketts, 504 F. 2d 887, 887–88 (5th Cir.1974) (citations omitted). Where, however, a prisoner has completed an imposed term of administrative segregation before he files his petition, we agree with the Seventh Circuit that the "petition[ is] moot when filed and cannot be revived by collateral consequences." McCollum v. Miller, 695 F. 2d 1044, 1048 (7th Cir.1982). Accordingly, we hold Appellant's petition was moot when filed. We therefore vacate the district court's judgment and remand with instructions to dismiss the petition as moot.

*Id.* at 1053-54.

 Petitioner argues in his reply that, although he has already served his time in disciplinary confinement, a due process violation occurred because of "lack of evidence, denial of impartial decision maker, denial of witnesses, and failure to be given reasons for the disciplinary action taken." Doc. 10 at 2. If a prisoner has already completed the imposed term, to allege a proper due process violation, a prisoner must show that the length of his confinement has changed. See Sandin v. Conner, 515 U.S. 472 (1995). When determining if the length of confinement has been affected, loss of opportunity to gain good time credit is not a factor. It is important to note that "there is no due process liberty interest in the mere opportunity to earn gain time." Hollingsworth v. Crosby, No. 4:02cv402-RH/WCS (N.D. Fla. Feb. 12, 2004); Doc. 9 Ex. E at 8 (report and recommendation); Antonelli v. Sheahan, 81 F. 3d 1422, 1431 (7th Cir. 1996); Higgason v. Farley, 83 F. 3d 807, 809-810 (7th Cir. 1995); Babcock v. White, 102 F. 3d 267, 274 (7th Cir. 1996); Luken v. Scott, 71 F. 3d 192 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996); Abed v. Armstrong, 209 F. 3d 63, 66-67 (2d Cir.), *cert. denied*, 531 U.S. 897 (2000). This Court has noted in a previous decision that the expectation of gain time is entirely too speculative. Hollingsworth v. Crosby, No. 4:02cv402-RH/WCS (N.D. Fla. Feb. 12, 2004); Doc. 9 Ex. E at 7 (report and recommendation). This Court reasoned

that "[w]hether Petitioner might have been awarded incentive gain time in any given month depended upon a number of factors tied to his future behavior, and the amount of the award, if any, was entirely within the discretion of officials of the Department of Corrections who were making these evaluations." *Id*.

Here, Petitioner has served and completed his time in disciplinary confinement and nothing in the record suggests the disciplinary proceeding affected the length of his sentence.  Therefore, there is no longer a case or controversy to litigate in this habeas action, and the § 2254 petition should be dismissed as moot.

## Conclusion

The § 2254 petition (Doc. 1) should be dismissed as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App.

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**. The Clerk of Court shall substitute Michael Crews for Kenneth Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on July 9, 2014.

        s/ Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**